673 P.2d 334

**James COHN, Plaintiff/Appellant,**

v.

**TUCSON ELECTRIC POWER COMPA-NY, Defendant/Appellee.**

No. 2 CA–CIV 4782.

Court of Appeals of Arizona, Division 2.

Nov. 30, 1983.

James Cohn, in pro. per.

John A. Harper, Tucson, for defendant/appellee.

OPINION

HOWARD, Chief Judge.

Article I, Section 10 of the United States Constitution provides that "[n]o State shall ... make any Thing but gold and silver Coin a Tender in Payment of Debts ...."

The question presented here is whether a public utility can terminate electric service to a customer who effectively refuses to pay that portion of his electric bill attributable to taxes imposed by the state in anything other than gold or silver.

Appellant is a residential customer of appellee, Tucson Electric Power Company (TEP). Sometime in the fall of 1982 appellant responded to bills sent to him by TEP by tendering a check or money for the bulk of the amount due together with instruments denominated as "Public Office Money Certificates" (POMCs) in the amount constituting his pro rata share of taxes levied by the state on TEP. This tender was submitted to TEP with a letter explaining appellant's position that the provision of the Constitution quoted above prohibited the state from enforcing payment of taxes other than in gold or silver, and that since the present currency of the United States is no longer redeemable dollar for dollar for gold and silver he was unable to pay the amount of the taxes due to the state without violating the Constitution.

The POMCs are in the form of a promissory note signed by appellant, and provide that appellant "will pay to the order of Arizona Department of Revenue [the amount of the taxes stated in] dollars of the money of account of the United States, as required by law at 31 U.S.C.A. § 371, pending official determination of the substance of said money." 31 U.S.C.A. § 371 (1976), now revised and codified as 31 U.S.C.A. § 5101 (1983), stated:

"The money of account of the United States shall be expressed in dollars or units, dimes or tenths, cents or hundredths, and mills or thousandths, ... and all accounts in the public offices and all proceedings in the courts shall be kept and had in conformity to this regulation."

Although appellant's letter to TEP is not entirely clear on this point, it appears to have been his intent that TEP forward the POMCs to the Department of Revenue in payment of the taxes, and that he in turn would pay the amount owed directly to the state upon a determination by the Attorney General of what constitutes "money of account" which he could lawfully be required to pay to the state. In practical effect, under appellant's reasoning the Department of Revenue would be able to obtain payment of appellant's POMCs only at such time as appellant was authorized by Congress to redeem United States coins and currency for gold and/or silver.

Not surprisingly, TEP rejected appellant's tender of the POMCs and threatened to terminate his electrical service. Appellant filed a complaint in superior court seeking injunctive relief. Although the court issued a temporary restraining order against TEP, it denied permanent injunctive relief and dismissed the complaint after a hearing on the merits.

■ Appellant's arguments fail on two grounds. First, contrary to appellant's assertions, TEP is not an agent of the State of Arizona for purposes of collecting taxes owed to the state. Although TEP is authorized to pass on to its customers the taxes imposed upon it by the state, the legal incidence of the tax is upon TEP and not appellant. The amount of the tax passed on to appellant is therefore not a tax imposed on appellant by the state, but rather a portion of the charge which appellant is obligated by contract to pay to TEP in return for its provision of electrical service to appellant. Where an obligation is in general terms made payable in money, it is by implication payable in the lawful money of the country. See *Albert Steinfeld & Co. v. Tew,* 35 Ariz. 147, 274 P. 1047 (1929); *Arizona Cotton Ginning Co. v. Nichols,* 9 Ariz.App. 493, 454 P.2d 163 (1969). Appellant concedes that Congress has lawfully made federal reserve notes legal tender for public and private debts. 31 U.S.C.A. § 5103 (1983). Since his obligation to pay TEP for services rendered is just such a private debt, legal tender is available to appellant with which to pay the same. TEP was not obligated to accept appellant's promissory note to the Department of Revenue in payment of the bill, even if the same were unconditional and immediately

due and payable, which the POMCs were not.

 Even if the portion of the bill attributable to state taxes was not deemed to be private debt, however, we are persuaded that appellant has misconstrued the meaning and intent of Article I, Section 10 of the Constitution. The purpose of this provision was to prevent the individual states from establishing their own separate currencies and, under Article I, Section 8, to vest Congress with the sole authority to establish a uniform national currency and regulate the value thereof. As the Supreme Court stated in *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885 (1935):

"The Constitution 'was designed to provide the same currency, having a uniform legal value in all the States.' It was for that reason that the power to regulate the value of money was conferred upon the Federal government, while the same power, as well as the power to emit bills of credit, was withdrawn from the States. The States cannot declare what shall be money, or regulate its value. Whatever power there is over the currency is vested in the Congress." 294 U.S. at 303, 55 S.Ct. at 414.

While the states are therefore prohibited from requiring payment of taxes or debts in any medium *other* than gold and silver, we cannot agree with appellant's argument that the converse is also true, i.e., that the states can require payment of taxes *only* in gold or silver. Such a holding would run totally contrary to the intent of the framers of the Constitution that the power to regulate the national currency and to establish the same as legal tender should be vested solely in Congress. See *Norman v. Baltimore & O.R. Co.*, supra. United States coins and currency are legal tender for the payment of debts and taxes in Arizona not because of any action by the state, but rather because Congress has made them so. 31 U.S.C.A. § 5103. The Constitution requires neither that state taxes be paid in gold or silver, nor that they be paid in currency which is redeemable for gold or silver. Since legal tender was available to appellant in the form of United States currency, no legal basis exists for his refusal to pay that portion of his electric bill attributable to taxes imposed by the state.

The order of the trial court denying injunctive relief and dismissing the complaint is affirmed.

HATHAWAY and BIRDSALL, JJ., concur.