678 P.2d 56

**Albert L. SCHNEIDER and Carolyn J. Schneider, husband and wife, Plaintiffs-Respondents,**

v.

**Edward N. CURRY, Defendant-Appellant.**

No. 13988.

Court of Appeals of Idaho.

Jan. 17, 1984.

Petition for Review Dismissed March 28, 1984.

Edward N. Curry, pro se.

Clayton G. Andersen, Homedale, for plaintiffs-respondents.

SWANSTROM, Justice.

Albert and Carolyn Schneider filed suit against Edward Curry to collect on a promissory note. The district court entered judgment for the Schneiders. We affirm.

Three issues are raised in this appeal. First, should the Schneiders' attorney have been disqualified because of allegedly un-

ethical behavior? Second, did the district court err by failing to recognize the right to an offset claimed by Curry? Third, are the Schneiders entitled to attorney fees on appeal?

The Schneiders met Curry in the fall of 1977 and expressed an interest in purchasing a bar which he owned in Homedale, Idaho. Pursuant to an oral agreement, the Schneiders exchanged $8,000 and their equity in a Boise condominium for the bar. The Schneiders began operating the bar on December 1, 1977, but soon became dissatisfied with the arrangement. In February, 1978, they contacted Curry and reached an agreement to rescind the purchase. The Schneiders testified they agreed to return the bar to Curry in exchange for $1,489, a promissory note in the amount of $4,800 and the condominium. Curry did execute a promissory note payable to the Schneiders. The interest-bearing note was to be paid at the rate of $300 per month for one year, with the remaining balance due on March 20, 1979.

Curry took over the bar, conveyed the condominium back to the Schneiders and made the first two payments due on the note. He refused, however, to make further payments until the Schneiders accounted for the profits they had made during the three months they operated the bar. Curry contended that, as part of the agreement rescinding the purchase, the Schneiders had agreed to determine those profits and to offset that amount against the amount of the promissory note. The Schneiders denied that any such agreement had been reached and demanded that Curry honor the note. His refusal to do so led them to file this suit in June 1979.

Curry's major contention on appeal is that the judgment must be reversed because of allegedly unethical behavior on the part of the Schneiders' attorney, Clayton Andersen, which should have required that he be disqualified before trial. Curry stated that Andersen had represented him during the winter of 1977–78, when the Schneiders and he were involved in their transaction. He contends that during this period Andersen had access to confidential information concerning the transaction and later used it in the Schneiders' lawsuit against him. The Schneiders, on the other hand, argue that Andersen was not guilty of any impropriety, nor did he obtain any such confidential information while he was representing Curry.

"A motion to disqualify [an attorney] is of equitable nature, and a party making the motion should do so with reasonable diligence and promptness after the facts have become known." CYC.FED.PROC. § 1.56a (3d ed. 1982). The record before us shows that the Schneiders were represented first by other counsel, but that Andersen became associated with their original counsel as early as June 1980. Thereafter Curry responded to certain discovery motions filed by Andersen and a hearing was held on these motions on August 20. The record discloses that no objection was made by Curry to Andersen's participation in the case until October at the earliest. Curry asserts that on October 27 he filed his motion to remove Andersen from the case. He asserts that he filed a motion in November to vacate the trial setting until arguments on the conflict of interest could be heard and the issue settled by the court. Neither motion is part of the record on appeal.

Later in a written reply to a post-trial motion by Curry to set aside the judgment, the Schneiders stated that Andersen, on the morning of the trial, delivered to the district judge a "response to [Curry's motion to remove plaintiffs' counsel] and indicated that the plaintiffs were ready to proceed to hear the motion or the trial." This "response" is likewise not in the record on appeal, nor does the record disclose any disposition of Curry's two motions. The record simply shows that on December 1, 1980 the court took up the case and inquired if the parties were "ready to proceed with this trial?" Both Andersen and Curry answered, "Yes, your Honor." Curry now claims that his earlier motion to remove counsel never was acted upon by the district court. As far as the record

before us is concerned, Curry did not raise the issue of Andersen's conflict of interest until after judgment was entered, when he moved to have the judgment set aside. Curry's affidavit in support of this motion is in the record. In it Curry alludes to his earlier motion to remove counsel and to the district court's decision to go ahead with the trial after "Clayton Andersen told the Court that is what he wished to do."

From this record on appeal we cannot discern what transpired before trial in regard to the issue of Andersen's alleged conflict of interest. There may or may not have been some action taken in regard to Curry's motions. There may or may not have been a hearing, at which there may or may not have been evidence presented regarding Andersen's alleged conflict. Upon this record we cannot determine that the question of a conflict was timely raised or that it was supported by any factual showing. As the appellant in this case, Curry had the burden to provide an adequate record on appeal so that it could be reviewed properly for error. Error will not be presumed from a silent record. We are restricted to the record before us and may not consider matters not presented in that record. *Hale v. Heninger,* 87 Idaho 414, 393 P.2d 718 (1964). We hold that error has not been demonstrated upon this record. We are mindful of the fact that Curry has represented himself in these proceedings. However pro se litigants must comply with the same rules of appellate practice which apply to litigants represented by counsel.

We further note that Curry's motion to set aside the judgment was filed at the same time as his notice of appeal. One of the grounds stated in the motion for setting aside the judgment was counsel's conflict of interest. However, nothing in the record on appeal indicates that the district judge was ever asked to rule on this motion, nor does the record indicate the judge was even made aware of it. Even though the notice of appeal had been filed, the district judge continued to have authority to rule upon the motion. I.A.R. 13(b). If any disposition of this motion was made by the district court there is simply no record of it in this appeal. Therefore, no error of the district court has been shown in respect to Curry's motion to set aside the judgment.

Curry's second contention is that the court erred by refusing to recognize he was entitled to an offset against the promissory note. He argues that, as part of their agreement to rescind the purchase, the parties agreed that the Schneiders would calculate the amount of profit they earned in operating the bar and deduct that sum from the amount owed on the note. The Schneiders, on the other hand, deny they were to account for any profits and that, in any event, there were no profits earned during the three-month period they operated the bar.

In response to the Schneiders' complaint seeking a judgment on the note, Curry filed an answer in which he denied the Schneiders' allegations that the balance on the note was immediately due and payable. This pleading also contained allegations suggesting that it was not he who owed money to the Schneiders but rather that they owed money to him. At trial the district court liberally construed Curry's answer to include a counterclaim and allowed him to introduce evidence to support his claim that the Schneiders had agreed to pay over to him the profits they had made while operating the bar.

At the conclusion of the trial, the Schneiders moved to dismiss Curry's "counterclaim" for lack of evidence. The district court granted the motion, ruling that the counterclaim, "if it can be denominated as such, fails for burden of proof." The court found that Curry's contention that the Schneiders had agreed or were required to deliver the bar's profits to Curry was "not supported by the evidence."

Several days after the trial, the court entered written findings of fact and conclusions of law. The court's findings do not specifically address the issue raised by Curry's "counterclaim." The court found only that Curry had defaulted on the $4,800

note and had not paid the Schneiders despite their repeated demands that he do so. Our Supreme Court has previously held that when a district court grants a party's motion for involuntary dismissal of an opposing party's claim, the judgment which the court renders is on the merits and the court must make the findings of fact and conclusions of law required by I.R.C.P. 52(a). *Sorenson v. Adams*, 98 Idaho 708, 571 P.2d 769 (1977). In *Sorenson* the court noted that "[w]here such findings are lacking, this Court is hampered in the performance of its appellate function." *Id.* at 712, 571 P.2d at 773.

Curry has not specified as an issue on appeal the district court's failure to enter written findings of fact and conclusions of law addressing his counterclaim. He has only asserted the court erred in dismissing his counterclaim. In a similar situation in *Sorenson*, the Supreme Court nevertheless found it necessary to raise and address the issue of the district court's failure to enter written findings and conclusions. In light of *Sorenson* we will discuss the adequacy of the court's findings in this case.

"The absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question." [Emphasis original.] *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). Here the relevant question is whether Curry was entitled to offset the amount due on the promissory note with the profits earned by the Schneiders while they owned the bar. The record also is clear and yields an obvious answer to the question. There was no evidence produced as to the amount of any profits earned over the three-month period. Even assuming Curry adequately proved that the parties had agreed to the offset, the record does not disclose how much the offset should be. It was Curry's burden to prove this fact. *See Johnson v. Albert*, 67 Idaho 44, 170 P.2d 403 (1946). He failed to carry this burden. Therefore, we hold the

district court did not err in denying recovery on the counterclaim.

We further note that Curry himself testified that he had access to the business records needed to prove his offset. Those records were in the possession of the Schneiders' attorney and were made available for Curry to either examine or copy. He chose to do neither and he therefore cannot be heard to complain.

Finally, we must determine whether the Schneiders are entitled to attorney fees on appeal. The promissory note executed by Curry contained a provision entitling the Schneiders to reasonable attorney fees in the event suit had to be filed to enforce payment of the note. That provision entitles the Schneiders to reasonable attorney fees on appeal, in addition to their costs.

The judgment is affirmed.

WALTERS, C.J., and BURNETT, J., concur.