FRANK O. BECKER, Plaintiff-Appellant, v. THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellee.

First District (5th Division) No. 84—2559

Opinion filed May 29, 1987.—Rehearing denied July 8, 1987.

Steven W. Becker, of Monee, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and James P. Nally, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Dr. Frank Becker, filed an action in the circuit court of Cook County seeking review of a decision by the Illinois Department of Registration to suspend his medical license for failure to pay a renewal fee. The circuit court affirmed the Department's order and dismissed plaintiff's claim for defamation of character and libel. Plaintiff appeals.

On June 14, 1982, Dr. Becker sent to the Illinois Department of Registration and Education (Department) a public office money certificate (described in the record as a conditional promissory note) for payment of the renewal fee for his Illinois physician and surgeon's license. The Department was unsuccessful in its attempt to collect on the certificate. The Department filed a complaint against Dr. Becker on July 22, 1983, which alleged that Dr. Becker had failed to pay his license renewal fee in 1982.

An administrative hearing was held before the Medical Disciplinary Board (the Board) on October 5, 1983. At the hearing, Dr. Becker asserted that his renewal fee had been paid. He refused to make the payment in United States currency or any other negotiable instrument. The Board found that Dr. Becker's refusal to pay the renewal fee violated section 14(B)(4) of the Medical Practice Act (Ill. Rev. Stat. 1981, ch. 111, par. 4429(B)(4)), which requires that an annual renewal fee of $40 be paid for the renewal of a certificate of registration.

The Board recommended that Dr. Becker's certificate of registration be suspended and if payment was made in an acceptable form then the suspension would automatically end. A written order adopting the Board's recommendation and denying Dr. Becker's motion for rehearing was entered on January 27, 1984.

On March 8, 1984, Dr. Becker filed a complaint in the circuit court in which he alleged that he had paid the renewal fee with a public office money certificate and that he desired to obtain from the Department a determination of the proper money constitutionally re-

quired to pay the taxes. He further alleged that the public office money certificate was a promise to pay the monies due upon receipt of an official determination of the monies in the United States government's account. Dr. Becker stated that instead of providing the information requested, the Department instituted an administrative action to enjoin him from practicing medicine until the license renewal fee was paid.

Dr. Becker's action in the circuit court sought expungement and removal of the suspension order from his record. He also alleged defamation of character and libel.

The trial court affirmed the Department's suspension order and dismissed Dr. Becker's complaint.

■■ Section 3—110 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—110) provides that the findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct. The duty of a court on review of an administrative decision is to examine the record to ascertain whether the decision of the administrative agency is supported by the evidence or is against the manifest weight of the evidence. *Board of Education v. Sickley* (1985), 133 Ill. App. 3d 921, 924, 479 N.E.2d 1142.

■■ ■ In June 1982, Dr. Becker tendered to the Department a public office money certificate for $41.50 in payment of his license renewal fee. Dr. Becker was told that his tender was unacceptable and that the Department would accept payment in United States currency, gold, silver, or coin, but he refused to tender payment in either. The Board found Dr. Becker's wilful refusal to pay the license renewal fee a violation of section 14(B)(4) of the Medical Practice Act and recommended that Dr. Becker's license be suspended until payment was made in an acceptable form. The director of the Department adopted the Board's recommendation and entered an order which suspended the license and, in the same order, noted that Dr. Becker had since the hearing properly paid the renewal fee, thus ending the suspension.

Dr. Becker contended that his payment in December 1983, before the written order of January 27, 1984, cured his violation of section 14(B)(4) of the Medical Practice Act and his license should not have been suspended. The administrative complaint charged Dr. Becker with failure to pay the renewal fee when due in 1982. Dr. Becker did not contest the fact that the renewal fee was past due. Payment of the fee after the Board recommended suspension of the license did not "cure" the fact that Becker failed to submit payment in an acceptable form. The suspension was a consequence of Dr. Becker's wil-

ful refusal to pay, which the Board deemed a violation of the Medical Practice Act. Thus, we do not find the decision of the Department as being contrary to the manifest weight of the evidence.

Dr. Becker's amended complaint in the circuit court in which he sought damages for defamation of character and libel for the publication of the fact that his license was suspended and reinstated at the same time was properly found to be outside the scope of review. No new or additional evidence in support of or in opposition to any finding, order, determination, or decision by the administrative agency shall be heard by the court. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) The allegations of libel and damages were properly dismissed by the trial court.

Dr. Becker alleged in his complaint and during the hearing before the Board on his failure to pay the renewal fee when due in a form acceptable to the Department "that he was ready, willing and able to pay the sum required for said license, but desired to obtain from the Department of Registration a determination of the proper type of money constitutionally required to pay said taxes. The public office money certificate requested an official determination of the substance of the Money of the Account of the United States, it was a promise to pay such sum in such money upon receipt of such an official determination." While Dr. Becker may have felt that this was his only opportunity to protest the United States monetary policy, the Medical Disciplinary Board and the circuit court were not the proper forums for such protestation.

The order of the circuit court dismissing plaintiff's complaint is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.