745 P.2d 300

Bethea **PARSONS**, Petitioner-Appellant,

v.

**STATE of Idaho,** Respondent.

No. 16672.

Court of Appeals of Idaho.

Oct. 21, 1987.

Bethea Parsons, pro se.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Boise, for respondent.

SWANSTROM, Judge.

Bethea Parsons' application for post-conviction relief from a misdemeanor conviction was summarily dismissed in the magistrate division. She appealed to the district court only to have her appeal dismissed. She has appealed from the district court's decision, questioning the procedures employed and the conclusions reached by both the magistrate and the district judge. We must determine whether the procedures used by the lower courts were proper. We must also determine whether, as a matter of law, the claims in Parsons' application entitle her to relief. We conclude that the lower courts erred in their decisions on procedure; but, as will be explained, the errors are harmless. We hold that Parsons' substantive claims do not entitle her to relief for reasons given in this opinion.

Parsons was convicted in the magistrate division of failure to renew her automobile registration—a misdemeanor. She appealed the judgment of conviction. While that appeal was pending, she made application to the district court for post-conviction relief. She was directed by the district judge to file her application in the magistrate division, which she did. The state then moved for summary judgment on the ground that post-conviction proceedings could not be maintained while a direct appeal was pending. Parsons responded, declaring that post-conviction proceedings may be commenced at any time within the limitation period of I.C. § 19–4902.

The magistrate then gave notice of intent to dismiss, indicating two reasons: first, that post-conviction relief is not available for misdemeanors; and second, that post-conviction proceedings cannot be maintained while an appeal is pending, especially when the application recites verbatim the grounds presented for the appeal. Parsons' reply to this notice challenged the court's legal conclusions and asserted broad-based claims of due process and natural rights. The magistrate then dismissed the application, noting that he had reviewed the reply and found, as a matter of law, that Parsons was not entitled to relief.

Parsons appealed the dismissal to the district court. She then moved for entry of default against the state. No default entry was made. The district court dismissed the appeal. After noting his agreement with the two reasons mentioned by the magistrate, the district judge concluded that Parsons should have processed her appeal directly to the Supreme Court, not to the district court. Parsons timely appealed the district court's decision.

This appeal presents many questions concerning post-conviction procedures: (1) whether misdemeanor offenses are within the scope of post-conviction relief; (2) whether an application for relief from a misdemeanor judgment should be filed in the magistrate division; (3) whether the appeal from the magistrate division to the district court was proper; (4) whether post-conviction proceedings may be maintained while an appeal is pending; and (5) whether the motion for entry of default was proper. We find, as explained below, that the lower courts' conclusions on procedure are erroneous. However, because the merits of Parsons' application were reached, and her substantial rights were not affected, we conclude that the procedural defects were harmless. I.R.C.P. 61.

Parsons also mounts a general attack on the summary dismissal of her application. This raises the following substantive issues: (1) whether the lower courts had jurisdiction over Parsons; (2) whether Parsons is subject to the laws of this state; (3) whether Parsons was denied due process; and (4) whether federal reserve notes are legal tender. We agree with the magistrate that, as a matter of law, Parsons' application fails to state a claim for relief.

## I. PROCEDURAL ISSUES

### A. Scope of Post–Conviction Relief

■ Parsons asserts that post-conviction relief is not limited to any class of offenses. On appeal, the state concedes that misdemeanors come within the scope of post-conviction relief. We agree.

Idaho Code § 19–4901(a) governs the scope of post-conviction relief. In relevant part it provides: *"Any person* who has been convicted of, or sentenced for, *a crime* ... [may seek relief]." (Emphasis added.) There is no language limiting the scope of relief to a certain class of crime. We hold that any person convicted of, or sentenced for, a misdemeanor may seek post-conviction relief if he meets the requirements outlined in I.C. § 19–4901.

### B. Filing/Jurisdiction

As noted, Parsons initially attempted to file her application with the district court. The district judge, however, directed her to file the application in the magistrate division, where the conviction took place. Together with the question of where to file, we must determine whether the magistrate had jurisdiction.

■ The filing of applications for post-conviction relief is controlled by I.C. § 19–4902. That section provides that the application is to be filed with "the clerk of the district court where conviction took place." Clearly, the application is to be filed with the district court clerk. It matters not that the conviction took place in the magistrate division of the district court. Moreover, the district court is a unified entity embracing the magistrate division. Filing with the district court clerk is proper regardless of whether the matter is directed to a district judge or assigned to a magistrate for disposition. We hold that an application for post-conviction relief is properly filed when it is filed with the district court clerk. We now turn to the question whether an application for post-conviction relief from a misdemeanor judgment, having been filed with the district court clerk, may be assigned to a magistrate.

■ We begin with the premise that the jurisdiction of attorney magistrates can be as broad as that of district judges. I.R.C.P. 82(c)(2). However, cases assignable to such magistrates are limited by statute and rule. Under I.C. § 1–2208, magistrates may hear quasi-criminal proceedings and specific civil proceedings. Post-conviction proceedings are not mentioned. Similarly, I.R.C.P. 82(c)(1) categorizes specific cases assignable to magistrates; but again, post-conviction proceedings are not specifically included. Under I.R.C.P. 82(c)(2)(A), however, an attorney magistrate may be assigned "[c]ivil actions regardless of the nature of the action...." Post-conviction proceedings are civil actions. *E.g., Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969).

Consequently, it would appear that attorney magistrates may be assigned post-con-

viction proceedings stemming from misdemeanor judgments entered in their courts. Such assignments must be approved by the administrative district judge of the judicial district, and notice of such assignments must be given as outlined in I.R.C.P. 82(c)(2)(D). The Seventh Judicial District has published notice that all magistrates are assigned those cases allowed by I.R.C. P. 82(c)(1) and I.R.C.P. 82(c)(2). *Local District Court Rules And Calendars*, Seventh Judicial District, IDAHO STATE BAR DESK BOOK (rule dated December 27, 1979). Whether this broad local rule was intended to assign post-conviction proceedings to magistrates is not clear. Nevertheless, we conclude that attorney magistrates may be assigned post-conviction proceedings stemming from misdemeanoi judgments entered in their courts. Furthermore, if there is an objection to the assignment of a case to a magistrate it must be expressed in writing prior to hearing or trial, or the objection is waived. I.R.C.P. 82(c)(3); I.C. § 1–2214. Finding no timely objection, we hold that the magistrate's decision in this case is neither void nor subject to collateral attack.

### C. Appellate Review

■ We next consider whether Parsons' appeal from the magistrate division should have gone to the district court or directly to the Supreme Court. We consider this issue only to clarify a procedural point. Relying upon I.C. § 19–4909, the district judge indicated that Parsons should have appealed directly to the Supreme Court. We disagree.

Idaho Code § 19–4909 provides that a final judgment in a post-conviction proceeding may be reviewed by the Supreme Court. Typically, post-conviction proceedings are conducted by district courts from which a direct appeal can be processed to the Supreme Court. In the present case, however, the magistrate was assigned to handle this matter. All appealable judgments from the magistrate division must first be taken to the district court. I.R. C.P. 83(a). We hold that until a district court has acted upon a magistrate's decision the judgment is not subject to higher appellate review. Although the district court here dismissed Parsons' appeal as procedurally improper, the fact remains that an appeal was taken to the district court, providing the necessary step for further appellate review by our Court.

### D. Effect of Pending Appeal

■ We now reach the issue of whether post-conviction proceedings can be maintained while an appeal is pending. By construing the provisions of I.C. § 19–4902, the lower courts concluded that post-conviction relief is not available while an appeal is pending. We think they have read more into the statute than is present. The relevant part of I.C. § 19–4902 provides: "An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." We fail to see how this language bars post-conviction proceedings while an appeal is pending. Rather, this language reflects the limitation period for such proceedings. We hold that generally post-conviction relief is available while an appeal is pending. There are exceptions.

Obviously, appeals from criminal convictions differ in nature from post-conviction proceedings stemming from such convictions. Though there are some marked distinctions, the interplay between appeals and applications for relief, not surprisingly, is fraught with confusion. The most obscure is the applicability of res judicata.

■ The preliminary, fundamental principle is that post-conviction relief is not a substitute for an appeal. I.C. § 19–4901(b). Building on that premise, any claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. I.C. §§ 19–4901(a)(4), 19–4901(b), 19–4908. It has been suggested that this language is not an expression of res judicata; rather, it clarifies that "a post-conviction proceeding is no place for a convicted defendant to relitigate the same factual question, in virtually the same factual context, already presented in a direct appeal." *State v. Darbin*, 109 Idaho 516, 525, 708 P.2d 921, 930 (Ct.App.1985) (Bur-

nett, J., specially concurring). Thus, if the post-conviction application is grounded in the same facts and issues presented on appeal, summary dismissal is appropriate. *Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970). In the converse, post-conviction proceedings do not preclude claims or issues based upon facts beyond the record presented on appeal, if those facts could not, or customarily would not, have been developed in the trial on criminal charges. I.C. § 19–4901(b); *compare State v. Darbin*, 109 Idaho at 526, 708 P.2d at 931. Therefore, the statutory constraint on presenting claims and issues in post-conviction proceedings is not as broad as the case law doctrine of res judicata.

■ We note further that an applicant for post-conviction relief should raise all issues and claims in the original application. I.C. § 19–4901(b). Supplements and amendments to the original application are permissible. I.C. § 19–4908. However, piece-meal applications are not favored and may invoke waiver and forfeiture provisions set forth in the Idaho Post–Conviction Procedure Act. *See, e.g.,* I.C. §§ 19–4901(b), 19–4908.

■ Finally, we address the procedural difficulties inherent in concurrent appeal and post-conviction proceedings. Initially, if an application is based upon the same factual question, in virtually the same factual context, as presented in the direct appeal, summary dismissal is appropriate. The summary judgment procedures of I.C. § 19–4906 apply. However, when an applicant is faced with a motion for summary dismissal, or with a notice of possible dismissal by the court, he may make a factual showing "that the asserted basis for relief raises substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." I.C. § 19–4901(b). This factual showing, which must be specific and substantial, may be by "affidavit, deposition or otherwise." *Id.*

If an application is based upon facts outside the scope of the pending appeal, summary judgment is not appropriate. However, the application may be either dismissed without prejudice or suspended until the appeal is resolved. *E.g., State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). Such procedures preserve the interests of the applicant and provide a common sense approach for handling concurrent proceedings.

We find that the lower courts erred in concluding that post-conviction proceedings could not be maintained while an appeal was pending. However, as further explained below, dismissal on the procedural grounds was harmless.

### E. Default

■ Just after Parsons filed in the district court her appeal of the magistrate's decision, she moved for entry of default against the state. Her motion was made pursuant to I.R.C.P. 55(a)(1) and I.R.C.P. 83(x). No action was taken on this motion by the district judge. Parsons maintains that he should have ordered entry of default against the state.

An entry of a default is only available against an adverse party who has failed to plead or otherwise defend the action in the trial court. I.R.C.P. 55(a)(1). Here, the state had moved for dismissal in the magistrate division, thereby defending the action. If Parsons' motion for default was intended for the magistrate division, the motion was not timely and was without merit. Moreover, assuming that Parsons' motion for default was intended for the district court, entry of default is not available in appellate proceedings. We hold that the motion for entry of default was improper and could not be the basis for any relief.

## II. SUBSTANTIVE ISSUES

We now examine the substance of Parsons' application. Parsons asserts that she is a "free person"—one who ascribes to the unconventional belief that, absent a contract or "agreement in equity" with the government, her natural, liberty rights cannot be bound by man-made laws. It is her contention that she may use her automobile upon the highways of this state free from state regulatory laws. She further asserts that without an "agreement in equity" the

courts of this state have no jurisdiction over her. She claims that any attempted enforcement is a denial of due process.

Parsons further contends that the court's order in the criminal case is illegal in that it requires her to pay her registration and license fees in federal reserve notes. Parsons insists that federal reserve notes are an illegal and unconstitutional form of currency. She attempted to pay the fees by tendering a "public office money certificate."[1] The county clerk refused this tender and demanded payment in legal tender of the United States. Parsons complains that such demands are a denial of due process. Parsons' application is based upon the above beliefs. Recognizing that what we say will have little influence on those beliefs, we nevertheless review and resolve her claims.

### A. Jurisdiction

■ As noted, Parsons declares that without an "agreement in equity" the assertion of jurisdiction over her is a denial of due process. This claim fails as a matter of law. As a citizen and resident of this state, Parsons is personally subject to the jurisdiction of this state's courts. No "agreement" is required. The district courts of Idaho have original jurisdiction in all cases. IDAHO CONST. art. V, § 20. The magistrate courts are merely divisions of the district courts. I.C. §§ 1–2201. Due process is not violated by the valid exercise of such jurisdiction. We hold that the courts of Idaho have jurisdiction here.

### B. Subject to Law

■ The essence of Parsons' claim is that she has not entered into an "agreement in equity," thereby relinquishing her natural rights. Thus, she declares that she is not bound by the laws of this state. This argument is neither novel nor sound. While our constitutional form of government secures to each individual the free exercise of conscience, the conduct of all individuals in their interactions with society

may be appropriately and reasonably regulated.

Our state's constitution recognizes that all people enjoy natural, inalienable rights. IDAHO CONST. art. I, § 1. This same document further accepts the principle that government is instituted to promote the common welfare, equal protection, and benefit of all people. IDAHO CONST. PREAMBLE; IDAHO CONST. art. I, § 2. These provisions echo the principles of government stated by the authors of the Declaration of Independence: "To secure these rights [life, liberty, and the pursuit of happiness], governments are instituted among men, deriving their just powers from the consent of the governed." As a body, the people of this state have exercised their inherent political powers by establishing laws for the ordered conduct of society. Obedience to these laws is the only avenue by which our natural, inalienable rights may be fully enjoyed and safely protected. Parsons is subject to these laws while living in our society. No person has the right, natural or otherwise, to retain the benefits, protections, and privileges of society while refusing his or her obligations to that body. *State v. Gibson,* 108 Idaho 202, 697 P.2d 1216 (Ct.App.1985). The registration of automobiles is an appropriate and reasonable regulation on the right to use and possess them. *Id.* It is a law necessary for the ordered conduct of modern society. We hold that Parsons' argument fails as a matter of law.

### C. Due Process

■ Parsons complains that the magistrate in the criminal trial and the magistrate in this proceeding abused her due process rights. She attacks the criminal proceeding by claiming error in the court's findings and conclusions, a lack of notice in the misdemeanor summons, the sufficiency of the evidence, the use of legal definitions as to meanings of words, and the excessiveness of the punishment. Other than Parsons' broad allegations, we have nothing with which to review the criminal proceed-

---

**1.** A public office money certificate is merely a contrived promissory note. The certificate has no value. It is used by those who believe that only gold and silver are legal currency. It is tendered as a promise to pay when an official determination is made as to what type of currency has been authorized as a substitution for gold and silver.

ings. The record of those proceedings has not been furnished to us. Parsons has the burden to provide an adequate record on appeal so that it can be reviewed properly for error. We are restricted to the record before us and may not consider matters outside that record. *Schneider v. Curry*, 106 Idaho 264, 678 P.2d 56 (Ct.App.1984). We hold that error in the criminal proceedings has not been demonstrated here.

■ The alleged due process violation in this proceeding stems from the magistrate's summary dismissal of Parsons' application. Parsons submits that the magistrate acted as an interested party, not as an impartial judge, in dismissing the application. Under § 19–4906 of the Idaho Post–Conviction Procedure Act, a court may summarily dismiss an application upon motion, when no question of fact exists and the moving party is entitled to judgment as a matter of law. Also, a court may dismiss an application on its own motion, with proper notice, when it is satisfied that the applicant is not entitled to relief. These summary dispositions, when exercised properly, do not violate due process. We find that due process was not violated here. As a matter of law, these claims afford no basis for relief.

### D. Currency

■ Parsons' final argument is that the magistrate's order is illegal because it requires her to use federal reserve notes for payment of license fees. As noted, she contests the validity of federal reserve notes. The cases are legion in which this issue has been asserted and summarily rejected. *See Herald v. State*, 107 Idaho 640, 691 P.2d 1255 (Ct.App.1984) (listing cases holding that federal reserve notes are legal tender and lawful money). The decision to declare United States Treasury notes as legal tender is a political question to be determined by Congress, not a judicial question to be passed upon by the courts. *Juilliard v. Greenman*, 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884). The issue raised here is meritless.

■ Parsons' reliance on the use of "public office money certificates" is also frivolous. Courts have uniformly dismissed claims that such certificates are valid. *Cohn v. Tucson Elec. Power Co.*, 138 Ariz. 136, 673 P.2d 334 (App.1983); *Pyne v. Meese*, 172 Cal.App.3d 392, 218 Cal.Rptr. 87 (1985); *Becker v. Dept. of Registration and Education*, 159 Ill.App.3d 796, 111 Ill.Dec. 759, 513 N.E.2d 5 (Ill.App.1987); *Dack v. State*, 457 N.E.2d 600 (Ind.App. 1983); *Niles v. Trawick*, 512 A.2d 808 (Pa. Cmwlth.1986). Public office money certificates are not, and never have been, recognized as legal tender for debts. No public official in this state need give them any consideration. As a matter of law, this claim fails.

As we have noted, some of Parsons' procedural arguments have merit. However, our review of the substance of Parsons' application confirms that none of her claims afford a basis for relief. We conclude that summary dismissal by the magistrate was appropriate. While the district court should have affirmed the magistrate's order, rather than dismissing the appeal, the result is the same. Accordingly, we affirm the order of the district court.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

I join in Part I of the Court's opinion and I concur in the result reached by Part II. I respectfully submit that the Court need not, and should not, address the substantive merits of issues discussed in Part II. The magistrate explicitly found that these issues were identical to those asserted in Parsons' direct appeal from the judgment of conviction. That finding stands unchallenged. Neither has any showing been made under I.C. § 19–4901(b) of a reason to address these issues again in the context of post-conviction relief. Consequently, I would uphold the dismissal of Parsons' application because it apparently sought nothing more than to relitigate the subject matter of her appeal.