**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44274**

| | | |
|---|---|---|
| **FRANK D. MARKS,** | ) | **2017 Unpublished Opinion No. 422** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 29, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Myer, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Frank D. Marks appeals from the district court's judgment summarily dismissing Marks' petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Marks was charged with three counts of lewd conduct with a minor under sixteen. I.C. § 18-1508. The charges were based on allegations that Marks had sexually abused his two daughters and a stepdaughter. Marks' trial ended in a mistrial when the jury was unable to reach a verdict. At his second trial, the jury found Marks guilty of all three counts. The district court sentenced Marks to concurrent unified terms of life imprisonment, with minimum periods of confinement of thirty years. Marks filed an I.C.R. 35 motion for reduction of his sentences,

which the district court denied. Marks appealed, challenging his judgment of conviction and sentences and the order denying his Rule 35 motion. This Court affirmed. *State v. Marks*, 156 Idaho 559, 328 P.3d 539 (Ct. App. 2014).

Marks filed a petition for post-conviction relief raising numerous claims including, *inter alia*, that he was denied his right to a fair trial and effective assistance of counsel during his criminal trial and on appeal. After the State filed its answer but before it filed its motion to summarily dismiss Marks' petition, Marks filed a motion to supplement his petition to allow two additional claims, which the district court denied. The district court summarily dismissed Marks' petition. Marks appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

## III.

## ANALYSIS

**A.     Motion to Supplement**

Marks argues that the district court abused its discretion in denying Marks' "motion to supplement petition" seeking to add two new claims to his petition for post-conviction relief. In his supporting brief, Marks alleged that his motion was governed by I.R.C.P. 15(d) because, subsequent to the filing date of his original petition, he was contacted by a witness who was told by a jailhouse informant that he fabricated his testimony at Marks' trial. After considering Marks' additional claims, the district court denied Marks' motion upon finding that his supplemental claims "would only add cumulative and impeaching evidence that would probably not lead to an acquittal."

On appeal, Marks argues that the district court abused its discretion by denying Marks' motion to add another claim of ineffective assistance of counsel by analyzing the claim as if it were subject to a motion for summary dismissal and by ignoring a second claim altogether. Marks asserts that both the district court and Marks erred in concluding that Marks' motion was controlled by I.R.C.P. 15(d). However, Marks contends that this error was irrelevant because, despite the reference to I.R.C.P. 15(d), the district court did not apply that rule when it denied Marks' motion. Instead, Marks argues that the district court improperly subjected the merits of the additional claims to summary dismissal analysis without first providing notice of its intent to summarily dismiss Marks' additional claims. Conversely, the State argues the motion would be properly denied under I.R.C.P. 15(c), and Marks cannot show that the district court abused its discretion because Marks invited the error.

Post-conviction proceedings are governed by the Idaho Rules of Civil Procedure. *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999). The decision to grant or deny a motion to amend or supplement is left to the sound discretion of the trial court. *Jones v. Watson*, 98 Idaho 606, 610, 570 P.2d 284, 288 (1977). When a court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before

it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).[1]

In this case, Marks sought to add claims that his trial counsel was ineffective for failing to investigate and rebut a jailhouse informant's testimony and that Marks was denied a fair trial because his convictions were based in part on the jailhouse informant's perjured testimony. Marks initially argued that his motion was proper under I.R.C.P. 15(d). Idaho Rule of Civil Procedure 15(d) governs supplemental pleadings and provides, in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

On appeal, Marks states both he and the district court erred in concluding that Marks' motion was controlled by I.R.C.P. 15(d) but that the district court committed reversible error because it did not apply the rule. Marks has failed to allege under what rule his motion should have been considered or demonstrate that the district court would have granted the motion under a different rule. However, even presuming Marks' argument is correct, he has not shown he is entitled to relief. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). In this case, Marks' new claims were based on deficiencies that occurred at the

---

[1] Notably, Marks does not expressly articulate what prong of the abuse of discretion standard the district court violated in this matter but merely argues that the district court erred by conducting improper analysis of Marks' motion and failing to follow notice of dismissal requirements. The Idaho Supreme Court recently indicated that it "has seen an increasing number of cases where a party completely fails to address the factors we consider when evaluating a claimed abuse of discretion." *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). The Court emphasized that:

> [W]hen a party "does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it or that the district court did not reach its decision by an exercise of reason," such a conclusory argument is "fatally deficient" to the party's case. *Cummings v. Stephens*, 160 Idaho 849, 855, 380 P.3d 168, 174 (2016). "We will not consider assignments of error not supported by argument and authority in the opening brief." *Id.*

*Kralovec*, 161 Idaho at 575 n.2, 388 P.3d at 589 n.2.

time of his criminal trial, well before the filing of his petition for post-conviction relief. Marks concedes that his motion to supplement his petition with the two additional claims was not governed by I.R.C.P. 15(d). Consequently, the only proper ruling was to deny Marks' motion to supplement his petition.[2]

Marks argues that the error in relying on I.R.C.P 15(d) to govern the motion was irrelevant and that the district court abused its discretion because it did not apply the rule when it denied Marks' motion. Marks fails to cite authority supporting such an argument or otherwise show that he was entitled to relief. To the contrary, the doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. Marks asked the district court to consider his motion under I.R.C.P. 15(d). Marks cannot now assign to the district court error that Marks expressly invited. Accordingly, Marks has failed to show that the district court abused its discretion in denying Marks' motion to supplement his petition.

## B. Summary Dismissal

Marks argues the district court erred in summarily dismissing Marks' claim that the State denied him a fair trial by failing to conduct forensic examinations of the victims. Marks also contends that the district court erred by failing to address three of Marks' claims when it summarily dismissed his petition.

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but

---

[2]     Marks asserts additional arguments that the district court abused its discretion in denying Marks' motion by failing to provide notice of its intent to dismiss the additional claims and by failing to address one of his new claims in its dismissal. Because we have determined that Marks' motion to supplement his petition was properly denied, we need not address his additional arguments.

the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss a petitioner's post-conviction claim if the court provides the petitioner with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the petitioner to respond. Under I.C. § 19-4906(c), the district court may also dismiss a petitioner's post-conviction claims on the motion of either party. If the State files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the motion itself serves as notice that summary dismissal is being sought. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).

### 1. Unfair trial

Marks argues that the district erred in summarily dismissing Marks' claim that he was denied a fair trial when the State failed to conduct forensic examinations of the victims. In his petition for post-conviction relief, Marks alleged that the State denied him his fundamental right to a fair trial. Specifically, Marks alleged:

> The State of Idaho denied [Marks] a fair trial by immediately taking the alleged victims into [its] custody after the allegations were made against [Marks] and failing to have an appropriate forensic examination of them made with results being provided to the defense and failing to clarify the results of the examinations that were made and providing that information to the defense.

The district court summarily dismissed Marks' claim on the basis that he could have raised the issue on direct appeal but did not do so. The State asserts that the district court properly dismissed Marks' claim because the topic of medical examinations was addressed on direct appeal and Marks fails to demonstrate why the lack of forensic examinations in this case could not have been raised at that time. Alternatively, the State argues that, even if the claim was properly brought in post-conviction, this Court may still affirm summary dismissal of the claim. The State contends that, because Marks received notice of potential dismissal for failure to show the State had a duty to conduct the alleged forensic examinations, this Court could conclude that Marks' claim was properly dismissed.

7

The Uniform Post-Conviction Procedure Act is available for a petitioner to show that his or her conviction was in violation of his or her constitution rights. I.C. § 19-4901(a)(1). However, the scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). Idaho Code Section 19-4901(b) provides, in relevant part:

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

In this case, Marks' claim is that the State failed to conduct appropriate forensic examinations of the victims. Marks has not articulated what constitutes appropriate forensic examinations. The record indicates that the scope and nature of the medical examinations conducted on the victims were discussed at trial and addressed on direct appeal. Although Marks does not specify what he now identifies as "appropriate forensic examinations," he would have been aware at the time of both his trial and direct appeal what actual examinations were or were not conducted. Consequently, the alleged prejudicial absence of any forensic examinations would have been known prior to trial and on direct appeal.

On appeal, Marks argues that his forensic examination claim was properly brought for the first time during post-conviction because the facts necessary to prove the claim were not developed during the criminal trial. Specifically, Marks asserts that, to prove his claim, he needed to present evidence as to the nature of the forensic examinations that should have been conducted, the State's failure to conduct such examinations, and how failure to conduct those examinations rendered his criminal trial unfair--none of which were developed trial. In support of this assertion, Marks cites *Parsons v. State*, 113 Idaho 421, 745 P.2d 300 (Ct. App. 1987). In *Parsons*, we explained:

> [I]f the post-conviction application is grounded in the same facts and issues presented on appeal, summary dismissal is appropriate. In the converse, post-conviction proceedings do not preclude claims or issues based upon facts beyond the record presented on appeal, if those facts could not, or customarily would not, have been developed in the trial on criminal charges.

*Id.* at 426, 745 P.2d at 305 (citation omitted).

In this case, Marks asserts that the State's failure to conduct forensic examinations of the victims led to an unfair trial, but Marks has provided no specific evidence to substantiate the claim beyond his assertion. Presumably, Marks' contention is that the State erred in failing to conduct certain examinations that Marks believes could have suggested he was not guilty. However, on appeal, Marks has not identified what forensic examinations were required in this case, what evidence was necessary to prove the claim, or specify why the record of his criminal case was inadequate to substantiate his claim. Marks has also failed to allege, much less show, that the necessary facts to prove his claim would customarily not have been developed at his trial through an exercise of due diligence, especially when he knew the type of examinations that were conducted at the time of his trial. Certainly if Marks felt that he was prejudiced by the State's examinations of the victims, or lack thereof, Marks' counsel was free to object, address the weakness on cross-examination and with expert testimony, or request the appropriate examinations Marks believes were required. Furthermore, Marks has also failed to offer beyond a bare and conclusory allegation in his verified petition any affidavit, deposition, or other evidence that would constitute a factual showing sufficient to raise a substantial doubt about the reliability of the finding of guilt. For these reasons we cannot conclude that the district court erred in finding that Marks could have brought his claim on direct appeal.

Moreover, even if we were to assume that Marks' forensic examination claim is cognizable in post-conviction, such a conclusion does not automatically require reversal. Where the lower court reaches the correct result, albeit by reliance on an erroneous theory, this Court will affirm the order on the correct theory. *Ridgley*, 148 Idaho at 676, 227 P.3d at 930. This Court employs the same standards on appellate review that the trial court applies in considering summary dismissal of a petition for post-conviction relief and may affirm the district court if the claim can be properly dismissed for the reasons articulated in the State's motion for summary dismissal. *See id.*

In this case, Marks asserts he was denied a fair trial because the State failed to conduct forensic examinations of the victims. The State moved for summary dismissal of Marks' claim on the basis that the State does not have a duty to force a victim to undergo a forensic examination. Thus, Marks was on notice of the potential dismissal of his claim on this basis.

9

Marks further argues that the question is not whether the State had a duty to force a victim to undergo a forensic examination, but whether the lack of forensic examinations resulted in the denial of a fair trial. Marks has failed to cite authority that the absence of forensic examinations render a trial unfair and has provided no substantial factual basis for why this Court should do so in this case. Furthermore, Marks' petition alleges that "the State for Idaho denied [Marks] a fair trial" by failing to conduct forensic examinations of the victims. This allegation implies that the State bore the burden of conducting the alleged forensic examinations of the victims. However, Marks has failed to show that it was the State's duty to ensure that the alleged forensic examinations were conducted on the victims in the course of its investigation. Consequently, Marks' claim fails as a matter of law. Accordingly, the district court did not err in summarily dismissing the claim.

### 2. Unaddressed claims

Marks argues the district court failed to address three of Marks' claims when it summarily dismissed Marks' petition and that the matter should be remanded with instructions to rule on the claims. The State argues Marks waived this argument on appeal because he should have made a request to the district court for specific findings on the three claims.

In this case, the State filed a motion to summarily dismiss Marks' petition and submitted a brief addressing his allegations. Marks filed a response and the district court held oral argument relating to the State's motion. The district court thereafter granted the State's motion for summary dismissal after concluding that Marks' allegations did not justify relief as a matter of law, that Marks failed to present evidence making a prima facie case as to each element of his claims, that multiple claims could have been raised on appeal, and that Marks had failed to show the outcome of the proceedings would have been different. Subsequently, the district court ruled that, based on the arguments presented at the hearing and on the parties' briefs, Marks' petition for post-conviction relief be dismissed. Notably, Marks does not assert that he lacked the requisite notice prior to the district court's summary dismissal of any claim or the petition. *See* I.C. § 19-4906(b). Nor does Marks argue that the State's motion for summary dismissal was in some way deficient. *See* I.C. § 19-4906(c). Rather, Marks contends that the district court failed to specifically address three claims and cites three authorities for the general proposition that the district court's failure to rule on these claims was an abuse of discretion. We are not persuaded.

10

Even assuming Marks' argument is correct, we have previously held that a party waives a claim and fails to preserve it for appeal when he or she fails to utilize a post-judgment procedural avenue to bring the district court's failure to address a claim to its attention via a post-judgment procedural filing. *See Caldwell v. State*, 159 Idaho 233, 242, 358 P.3d 794, 803 (Ct. App. 2015). After the district court entered an order granting the State's motion for summary dismissal, Marks would have been aware of the district court's alleged omission. However, Marks failed to avail himself of any procedural avenue to request specific findings or otherwise bring any alleged omission to the district court's attention. Instead, Marks now seeks to allege error on the part of the district court, and we will not consider such an argument for the first time on appeal.

## IV.

## CONCLUSION

Marks has failed to show that the district court abused its discretion in denying Marks' motion to supplement his petition. The district court did not err in summarily dismissing Marks' claim that the State deprived Marks of a fair trial by failing to conduct forensic examinations of the victims. Marks waived his argument related to the district court's failure to specifically address three claims in its order summarily dismissing Marks' petition. Accordingly, the district court's judgment summarily dismissing Marks' petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.