510 A.2d 902

Hein and Mary E. De Jong, Appellants *v.* County of Chester and Downingtown Area School District, Appellees.

Submitted on briefs December 10, 1985, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Hein and Mary E. De Jong,* appellants, for themselves.

*John S. Halstead,* with him, *Janet M. Colliton,* for appellee, Chester County.

*James E. McErlane,* with him, *John D. Snyder, Lamb, Windle* & *McErlane, P.C.,* for appellee, Downingtown Area School District.

PER CURIAM, June 10, 1986:

Hein and Mary De Jong (appellants) appeal from an order of the Court of Common Pleas of Chester County denying their request to have tax liens stricken and to prohibit the tax sale of their property occasioned by their failure to pay delinquent taxes to the County of Chester (County) and the Downingtown Area School District (District) for the 1982 and 1983 tax years.

The appellants initially contend that the Commonwealth, and presumably, its political subdivisions here concerned, lack the power and authority to assess and tax the property concerned by virtue of the appellants' possession of an "allodial" estate in such property. They argue that such property is held without subjection to any superior and that the landowner possesses an unqualified dominion over it. They cite as support for this proposition *Wallace v. Harmstad*, 44 Pa. 492, (1863). That case does not, however, support the argument advanced by the appellants, for its discussion of allodial estates was limited to the facts of that case, concerning the nature and validity of ground rents reserved by a grantor of property.

The appellants also contend that the imposition of tax on real property represents an infringement upon contractual obligations proscribed by Article I Section 17 of the Pennsylvania Constitution. They argue that the Commonwealth, as the original granting proprietor of land, failed to reserve to itself the right to tax land subsequently sold to individuals. We must again disagree, however, noting our previous statement that government taxation does not constitute an impairment of contract under our Constitution. *Heller v. DePuy*, 2 Pa. Commonwealth Ct. 196, 277 A.2d 849 (1971).

The appellants further contend that the County and District, as subdivisions of the Commonwealth, may not demand payment in any medium other than gold,

silver, or the notes of specific paying banks, which are no longer in circulation or available to the appellants. They claim that, by dealing in federal reserve notes, the Commonwealth violates Article 1 Section 10(1) of the United States Constitution as well as Section 8 of the Act of March 12, 1842, P.L. 68, 72 P.S. §3301. The cited authority, however, does not require that we accept this proposition, and we additionally note that public liabilities incurred by private citizens are properly paid in federal reserve notes. *See Commonwealth v. Venen,* 288 Pa. Superior Ct. 143, 431 A.2d 329 (1981).

Finally, the appellants assert that the County and the District were somehow without authority to impose the taxes or subsequently to lien upon their property, and they cite as authority a footnote from *Hagans v. Lavine,* 415 U.S. 528 (1974). Our review of that case, however, does not reveal any support for the appellants' contention.

We must additionally note that the appellants have failed to present any legitimate support for the specious, albeit convoluted, arguments which they have here advanced and which, we believe, are devoid of any merit whatsoever. Our review of the matter inexorably leads us to conclude, in sum, that this appeal is wholly frivolous and a waste of the Court's time and resources.

We will, therefore, affirm the order of the Chester County Court of Common Pleas insofar as it denied the petitioners any relief concerning the tax sales in question. And, pursuant to the provisions of Pa. R.A.P. 2744, which allows for the imposition of further costs, including counsel fees and delay damages where an appeal has been determined to be frivolous, we will remand this matter to the trial court for a hearing to determine and assess against the appellants such costs as that court finds proper.

88

## ORDER

AND NOW, this 10th day of June, 1986, the order of the Chester County Court of Common Pleas in the above-captioned matter is affirmed. It is further ordered that this matter is to be remanded to the aforesaid Court of Common Pleas for that court to award further cost damages as provided by Pa. R.A.P. 2744.