512 A.2d 808

Bruce W. Niles, Appellant *v.* Bonnie Trawick, Director of Warren County Tax Claim Bureau, Appellee.

Submitted on briefs November 19, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Joseph M. Marasco,* for appellant.

*Robert L. Knupp, Graf, Knupp & Andrews, P.C.,* for appellee.

OPINION BY SENIOR JUDGE KALISH, July 24, 1986:

Appellant, Bruce W. Niles, appeals an order of the Court of Common Pleas of Warren County which sustained the preliminary objections of the Warren County Tax Claim Bureau (Bureau). We affirm.

In April, 1984, appellant presented public office money certificates (certificates) to a Farmington Township tax collector for payment of delinquent real estate taxes for 1982 and 1983. The tax collector accepted the certificates and issued receipts to appellant. The certificates, which were signed by appellant, indicated that appellant would pay the noted amounts "as required by law at 31 U.S.C. §371, pending an official determination of the substance of said money." Subsequently, the Bureau notified appellant that the bank refused to honor

the certificates, and that the certificates would not be accepted and the receipts would be voided.

In March, 1985, appellant was notified that if he failed to pay the delinquent taxes by May 2, 1985, the property would be sold. Appellant filed a complaint in the Court of Common Pleas of Warren County seeking a writ of mandamus to compel the Bureau to accept the certificates. The trial court sustained the Bureau's preliminary objections and dismissed appellant's complaint.

Appellant contends that the trial court erred in not issuing a writ of mandamus. Specifically, appellant argues that the Bureau has a mandatory duty to collect taxes and give receipts, and that he has a clear legal right to a receipt. Appellant further argues that under section 8 of the Act of March 12, 1842, P.L. 68, 72 Pa. C. S. §3301, and Article 1 Section 10(1) of the United States Constitution, the Bureau may not demand payment in any medium other than gold, silver, or the notes of specific paying banks.

We agree with the trial court that appellant's arguments are frivolous and without merit. *See DeJong v. County of Chester and Downingtown Area School District*, 98 Pa. Commonwealth Ct. 85, 510 A.2d 902 (1986). Accordingly, we affirm the trial court. Moreover, pursuant to Pa. R.A.P. 2744, which allows for the imposition of counsel fees and delay damages where an appeal has been determined to be frivolous, we will remand this matter to the trial court for an assessment of such costs against appellant as the trial court finds proper.

ORDER

Now, July 24, 1986, the order of the Court of Common Pleas of Warren County, No. 179 of 1985, dated

June 10, 1985, is affirmed. This matter is remanded to the Court of Common Pleas of Warren County for an award of further cost damages as provided by Pa. R.A.P. 2744.

Jurisdiction relinquished.