514 A.2d 962

Sabatino Cupelli, Appellant *v.* The School District of the City of Allentown, Appellee.

Submitted on briefs February 12, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Sabatino Cupelli,* appellant, for himself.

*William G. Malkames,* with him, *Mark R. Malkames,* for appellee.

OPINION BY JUDGE BARRY, September 5, 1986:

This appeal results from an order of the Lehigh County Court of Common Pleas which granted a motion for summary judgment filed by the appellee herein, School District of the City of Allentown (School District), with respect to its complaint in assumpsit initiated against the appellant, Sabatino Cupelli.

The school district's complaint alleges that Cupelli was a resident of the district and that he had failed and refused to remit his per capita (school district) tax for fiscal year 1981, a levy in the amount of $25.00. In response, Cupelli admitted that he was a resident of the district, but (1) denied that he could be "indebted" (as alleged by the school district) for a tax liability, because "[t]axes are not debts"; and (2) denied that he had ever refused to pay the amount of "$25.00", because the "legal definition of *dollar*" had not been provided to him. Subsumed in Cupelli's answer was a further denial of liability premised upon his belief that the school district possessed no authority "to tax my right to be alive, directly or otherwise."

The school district thereafter moved for summary judgment, which motion was granted by the trial court. Cupelli then initiated the present appeal.

We affirm on the able opinion of President Judge JOHN E. BACKENSTOE of the Lehigh County Court of

Common Pleas, published at 41 Lehigh Co. L.J. 135 (1984). That opinion makes clear that Cupelli's chief argument—that he is precluded from remitting his tax liability in federal reserve notes by virtue of the Act of March 12, 1842, P.L. 68, §8, 72 P.S. §3301—is refuted by *Commonwealth v. Venen*, 288 Pa. Superior Ct. 143, 431 A.2d 329 (1981). The trial court opinion likewise adequately dealt with Cupelli's argument that, as a "sovereign individual" or "Freeman", he is not subject to taxation.

The present appeal, it must be said, "raises the ghosts of arguments past challenging the . . . tax laws." *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986).[1] See, in addition to *Venen, DeJong v. County of Chester*, 98 Pa. Commonwealth Ct. 85, 87, 510 A.2d 902, 904 (1986) (following *Venen*, court reaffirms that "public liabilities incurred by private citizens are properly paid in federal reserve notes.")[2] Thus, we conclude that Cupelli's appeal is frivolous and remand, pursuant to Pa. R.A.P. 2744, for determination of the delay damages and attorney's fees due to the school district. *Compare DeJong. And see Niles v. Trawick*, 99 Pa. Commonwealth Ct. 170, 512 A.2d 808 (1986) (in rejecting recalcitrant taxpayer's argument that the federal consti-

---

[1] The *Burroughs* court lent such characterization to an appeal in which the taxpayer contended that the Internal Revenue Service could not place a lien on his property because the Declaration of Independence stated that his right to wages was "un-a-lien-able." The court rejected this perennial assertion and awarded double costs and attorney's fees. *See* 780 F.2d at 503.

[2] Challenges akin to that of Cupelli have been brought not only in this jurisdiction, *e.g., Niles, DeJong, Venen*, but in other states as well. *Cf. Allen v. Craig*, 1 Kan. App. 2d 301, 564 A.2d 552 (1977) (numerous cases collected). An excellent refutation of many aspects of such challenges is found in *United States v. Anderson*, 584 F.2d 369, 374 (10th Cir. 1978) (court, among other things, takes judicial notice that federal reserve notes are valued in dollars).

tution precluded acceptance by taxing authority of "any medium other than gold, silver, or . . . notes of specie paying banks," the court remanded for imposition of counsel fees and delay damages).

The order is affirmed, and the case remanded for proceedings consistent with this opinion.

ORDER

NOW, September 5, 1986, the order of the Lehigh County Court of Common Pleas, No. 83-C-1801, dated October 18, 1984, is affirmed. It is further ordered that this matter is to be remanded to the aforesaid Court of Common Pleas for that court to award further damages as provided by Pa. R.A.P. 2744.