522 A.2d 169

Stanley C. Barner, II and Julia B. Barner, Appellants *v.* Juniata County Tax Claim Bureau, Walker Township, Juniata County Board of Supervisors, Juniata County School Board, Appellees.

Submitted on briefs July 23, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stanley C. Barner, II,* for appellants.

No appearance for appellees.

PER CURIAM OPINION, March 10, 1987:

Stanley C. Barner, II, (Appellant) appeals from a decision of the Court of Common Pleas of Juniata County (trial court) which entered judgment in favor of Juniata County Tax Claim Bureau, Walker Township, Juniata County Board of Supervisors and Juniata County School Board (Appellees) in an equity action to enjoin a tax sale. For the reasons set forth below, we affirm.

Appellant owns two real estate properties in Walker Township, Juniata County. From September of 1979 through 1980 and 1981, Appellant refused to pay more than one dollar per month in real estate taxes. As a result, the Juniata County Tax Claim Bureau listed Appellant's properties for tax sale. Appellant filed suit against Appellees to enjoin the tax sale for failure of the Tax Claim Bureau to properly give notice of the impending tax sale. The Tax Claim Bureau acknowledged the deficiency, and it has since been rectified.[1] The case went

---

[1] At this point, it would appear, from the trial court's opinion, that the "infirm notice" is no longer an issue. However, the trial court, since Appellant appeared *pro se,* permitted extensive amendment to the pleadings, including amendments to the prayer

to non-jury trial on April 26 and 27, 1984. On June 6, 1984, the trial court entered judgment in favor of Appellees. On appeal, Appellant makes a number of arguments relating to his obligation to pay taxes that may be categorized generally under: (1) fair trial issues; (2) tax issues; and (3) other issues. For the sake of clarity and simplification, we shall address each of Appellant's contentions by category.

## FAIR TRIAL ISSUES

Appellant contends initially that the trial court abused its discretion in denying a continuance requested by Appellant on the day of trial. Appellant alleges that several witnesses whom he had wished to examine were not present in the courtroom, and that therefore he was entitled to a continuance.

The Supreme Court of Pennsylvania has set the standard for review of a trial court's ruling on a request for a continuance due to absence of witnesses:

> [W]hile it is the policy of the law that the parties to an action have the benefit of the personal attendance of material witnesses whenever reasonably practicable, it necessarily lies within the discretion of the trial court to determine, in the light of all the circumstances of each case, whether or not a cause before it should be continued on the ground of absence of material witnesses. Such a continuance will be granted only where it is shown that their expected testimony is competent and material, and not merely

---

for relief, in which amendments the Appellant made claims for damages as well as exoneration from payment of taxes. The trial court took all testimony offered, and, in its opinion, addressed all issues which were of concern to the Appellant. Therefore we will address all matters raised by the Appellant.

cumulative or impeaching; that it is credible and would probably affect the result. . . .

*Carey v. Philadelphia Transportation Co.*, 428 Pa. 321, 324, 237 A.2d 233, 235 (1968) (quoting 4 Standard Pennsylvania Practice 627).

The record indicates that all of the witnesses served with subpoenas were present at trial including Appellant's only expert witness. Furthermore, by agreement between the parties, two additional county employees were present without subpoena. Appellant avers that there were three witnesses who, had they appeared at trial, would have given evidence of alleged inadequacy of police protection in the area of Appellant's properties. However, three other witnesses, the Walker Township supervisor, a Juniata County Commissioner, and George M. Thompson (who, by Appellant's own admission, was well aware of the police situation) did testify extensively on the subjects of police protection in the vicinity of Appellant's properties and the budgetary allocations for law enforcement within the county.

Appellant made no showing at the time of his request for continuance that the testimony of the missing witnesses would have been more than cumulative or that their testimony would have affected the result. Therefore, after a thorough review of the record, we hold that the trial court did not abuse its discretion in denying Appellant's request.

Appellant next contends that the trial court violated Appellant's procedural rights in holding a pre-trial conference on July 12, 1983 while Appellant was unavailable. He avers that the trial court should have waited until he returned from a stay in Arizona before conducting the pre-trial conference.

Pa. R.C.P. No. 212 states that the trial court "may direct the *attorneys* for the parties to appear for a conference . . ." (emphasis added). The rule does not require the attendance of a party. The record shows that

Appellant's attorney did in fact attend the July 12 pre-trial conference. Furthermore, we note that the trial court held an additional pre-trial conference for the benefit of Appellant on March 6, 1984. We, therefore, hold that the trial court committed no procedural error in holding the pre-trial conference of July 12 in Appellant's absence.

## TAX ISSUES

Appellant next alleges that the tax assessment scheme of Juniata County violates the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. IX, §1, and the equal protection guarantees of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, in that it unconstitutionally distinguishes classes of individuals for purposes of tax exemption. While Appellant doesn't specifically refer to it, he is relying on Section 4692 of the Act of June 21, 1963, P.L. 174, *as amended*, 72 P.S. §4692, which exempts from real estate tax liability veterans of the United States armed forces who have been honorably discharged as a result of permanent disability suffered in the line of service and for whom the State Veteran's Commission has determined a need for such tax exemption.

In reviewing whether a particular taxing classification passes constitutional standards of uniformity and equal protection, this Court will focus its attention on whether the class possesses some legitimate distinction which provides a reasonable and concrete justification for differential treatment. *Leonard v. Thornburgh*, 507 Pa. 317, 489 A.2d 1349 (1985).

Section 4692 is designed to confer a benefit in the form of a real estate tax break upon veterans of the United States armed forces who have suffered permanent disability in the line of service to this country. Our

research discloses no Pennsylvania case law which examines the constitutionality of this provision. However, affording additional compensation to those needy individuals who have sacrificed their mental or physical well being in defense of this country is a governmental objective that is reasonable and justifiable. Moreover, Section 4692 provides a rational method for implementing this objective.[2] We therefore hold that Section 4692 passes constitutional scrutiny.

Appellant alleges that the trial court erred in refusing to grant him tax-exempt status. At trial, Appellant presented his personal physician who testified that Appellant suffers a total disability in the form of paranoid schizophrenia. However, Appellant has made no showing as required by Section 4692, that his disability is or was service connected, that he received an honorable discharge due to such disability, or that the State Veteran's Commission made a determination upon his need for real estate tax exemption. Therefore, the trial court committed no error in denying him tax exemption status.

## OTHER ISSUES

Finally, Appellant alleges that Article I, Section 10 of the United States Constitution, U.S. Const. art. I, §10, requires the United States government to use gold and/or silver exclusively as mediums of exchange in financial transactions and that therefore his actual tax liability is unascertainable and unpayable. This argument is devoid of merit. Liabilities of private individuals on public debt are properly payable in United States cur-

---

[2] We note that Section 4692 is not the only statute whereby the legislature has granted benefits to disabled veterans. *See, e.g.,* Section 1901(b)(4) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1901(b)(4) (exemption from motor vehicle registration fees).

rency which includes Federal Reserve Notes. *See Cupelli v. School District of Allentown*, 100 Pa. Commonwealth Ct. 347, 514 A.2d 962 (1986).

Appellant argued on appeal as to grievances arising from inadequate enforcement of zoning ordinances and police protection. Such grievances, while of real concern to the Appellant, are not properly before us in this litigation.

The order of the trial court is affirmed.

ORDER

AND NOW, March 10, 1987, the order of the Court of Common Pleas of Juniata County issued on June 6, 1984 in the above-captioned matter is hereby affirmed.