537 A.2d 58

Hunlock Sand & Gravel Co., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Submitted on briefs November 17, 1987, to Judges MacPhail and Colins, and Senior Judge Narick, sitting as a panel of three.

*Steven A. Morley, Morley and Farber,* for petitioner.

*Ronald H. Skubecz,* Deputy Attorney General, with him, *Thomas D. Nabors, Jr.,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General.

OPINION BY SENIOR JUDGE NARICK, February 1, 1988:

Hunlock Sand & Gravel Co. (Petitioner) has appealed to this Court from a decision of the Board of Finance and Revenue (Board) assessing a use tax in the amount of $7,869.92 together with interest and penalties against Petitioner for the period January 1, 1981 through December 31, 1983.

The facts as stipulated by the parties pursuant to Pa. R.A.P. 1571(f) can be summarized as follows. Petitioner, a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, is engaged in the business of quarrying, the manufacture and sale of ready-mix concrete, and the sale of sand, stone, and lime. The Pennsylvania Department of Revenue (Department) conducted an audit of Petitioner's business for the period January 1, 1981 through December 31, 1983. As a result of the audit, an assessment of use tax was made against Petitioner pursuant to Section 8 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §3301 and a tax was initially issued against Petitioner in the amount of $8,131.59 plus interest and penalties for purchases of tangible property utilized in Petitioner's business. Petitioner appealed the assessment complaining that certain items were improperly taxed and that the Commonwealth was without constitutional and statutory authority to enforce payment of a tax in other than gold, silver, or the notes of specie-paying banks. After hearing, the Board of Appeals reduced the tax assessment to $7,869.92; however, the Board of Appeals declined to rule on the constitutional question. Petitioner appealed to the Board which affirmed the decision of the Board of Appeals. Subsequently, Petitioner submitted to this Court a petition for review.

Petitioner does not challenge the validity of the tax assessment. Rather, Petitioner challenges the Common-

wealth's authority to collect a tax in anything but gold, silver, or the notes of specie-paying banks. Thus, Petitioner contends that because the tax against him is assessed in dollars, the Commonwealth is without authority to collect the tax pursuant to the Act of March 12, 1842, P.L. 68, Section 8, *as amended,* 72 P.S. §3301.

The argument raised by Petitioner is not a novel one and has on several occasions been rejected by the courts of this Commonwealth. In *Commonwealth v. Venen,* 288 Pa. Superior Ct. 143, 431 A.2d 329 (1981), the appellant was charged with five summary offenses regarding overtime parking violations. The appellant in *Venen* contended that the Commonwealth was prevented from receiving payment of debts in revenues other than gold, silver or the notes of specie-paying banks pursuant to the Act of March 12, 1842.[1] The Act of March 12, 1842 states: "Hereafter no medium shall be received in the payment of tolls, taxes, or other revenue of the commonwealth, other than gold and silver, the notes of specie-paying banks". (Footnote omitted.)

The court in *Venen,* unpersuaded by the appellant's arguments, opined that payments for liabilities incurred by a party and owed to the legal subdivisions of a state, *i.e.* cities, townships, boroughs, and such other subdivisions of the Commonwealth, may be made in federal reserve notes of the United States of America or any other legal currency of the United States.

Three recent decisions of this Court have adopted the *Venen* court reasoning. In *Cupelli v. The School District of the City of Allentown,* 100 Pa. Commonwealth Ct. 347, 514 A.2d 962 (1986), the appellant's argument that he was precluded from paying his school district tax in federal reserve notes pursuant to the Act of March

---

[1] Appellant in *Venen* also discussed several federal statutes which need not be discussed herein.

12, 1842 was rejected. In *Niles v. Trawick*, 99 Pa. Commonwealth Ct. 170, 512 A.2d 808 (1986), the appellant's argument that the county tax claim bureau could not demand payment of taxes in any medium other than gold, silver, or the notes of specie-paying banks pursuant to the Act of March 12, 1842 was declared frivolous and without merit; and in *De Jong v. County of Chester*, 98 Pa. Commonwealth Ct. 85, 510 A.2d 902 (1986), appeal denied 514 Pa. 632, 522 A.2d 560 (1987), the taxpayers' argument that a subdivision of the Commonwealth could not demand payment of any taxes in any medium other than gold, silver, or the notes of specie-paying banks was rejected.

Accordingly, judgment is hereby entered in favor of the Commonwealth and against Petitioner in the amount of $7,869.92 together with interest and penalties as allowed by law unless exceptions are filed within thirty days of the date hereof pursuant to Pa. R.A.P. 1571(i).

## DECREE NISI

AND NOW, this 1st day of February, 1988, this Court hereby finds in favor of the Commonwealth and unless exceptions are filed within thirty days of the date hereof pursuant to Pa. R.A.P. 1571(i), judgment will be entered in favor of the Commonwealth in the amount of $7,869.92 together with interest and penalties as allowed by law.