**Thomas VANDERHOEF, Appellant**

**v.**

**OFFICE OF SUSQUEHANNA COUNTY BOARD OF ASSESSMENT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2008.

Decided Nov. 7, 2008.

Janet E. Kocsis, Towanda, for appellant.

Michael J. Gathany, Hallstead, for appellee.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Thomas Vanderhoef (Vanderhoef), a totally disabled Vietnam War veteran, appeals from the order of the Court of Common Pleas of Susquehanna County (trial court) which affirmed the Susquehanna County Board of Assessment's (Assess-

ment Board) denial of his request for a full tax exemption from all property taxes under Chapter 89 of the Military Affairs Act, 51 Pa.C.S. §§ 8901–8906, and the Pennsylvania Constitution, Article VIII, § 2(c).

Section 8902(a) of the Military Affairs Act, 51 Pa.C.S. § 8902(a), exempts from real estate tax liability veterans of the United States armed forces who have been honorably discharged as a result of permanent disability suffered in the line of service and for whom the State Veterans' Commission determines there is a need for such tax exemption. The Military Affairs Act is designed to confer a benefit in the form of a real estate tax break upon veterans of the United States armed forces who have suffered permanent disability in the line of service to this country. *See Barner v. Juniata County Tax Claim Bureau*, 104 Pa.Cmwlth. 468, 522 A.2d 169 (1987), *appeal denied* 515 Pa. 624, 531 A.2d 432, (1987).

The Pennsylvania Constitution also permits the exemption from real estate taxes of the property of certain disabled war veterans and their surviving spouses. Pa. Const. Art. VIII, § 2(c).

The parties have stipulated that Vanderhoef is a 100% permanently disabled veteran. Vanderhoef owns one parcel which consists of his principal residence and 2.15 acres of land (Property) in Susquehanna County. On March 14, 2007, Vanderhoef received a tax bill from the Assessment Board. The Assessment Board exempted from taxation only Vanderhoef's dwelling house and *one acre* of his land, as opposed to the entire 2.15 acres.

Vanderhoef appealed to the trial court. At the hearing, Ellen O'Malley (O'Malley), Chief Tax Assessor for Susquehanna County, testified that Vanderhoef was

granted an exemption "for his dwelling and the property immediately occupied by the dwelling, which ... was one full acre." Hearing Transcript (H.T.), December 12, 2007, at 3.[1] O'Malley testified that the Board denied Vanderhoef's request for an exemption for the remaining 1.15 acres. When asked to explain why Vanderhoef was denied the exemption for the remaining 1.15 acres O'Malley responded that it was the policy of the Assessment Board to exempt "one house one acre" for qualified veterans under the Military Affairs Act. H.T. at 4. She explained that "one acre works best in the system that [the County] has right now" and that when "Section 8902 of the Military Affairs Act came into effect that's what they started doing and they just continued after re-assessment." H.T. at 8–9.

The trial court affirmed the Assessment Board and held that the exemption in Section 8902 of the Military Affairs Act applied only to Vanderhoef's dwelling and "the land upon which it stands." Trial Court Opinion, December 17, 2007, at 2. The trial court reasoned that such language serves to qualify and limit the exemption. The trial court found the Assessment Board's actions to be "reasonable" because to hold otherwise would allow qualified veterans to be holders of vast amounts of land "not related to the location and curtilege of the dwelling." Trial Court Opinion, December 17, 2007, at 3. The trial court speculated that it would be unlikely that land beyond the one acre, as allowed by the Assessment Board, would be used for residential purposes. Trial Court Opinion, December 17, 2007, at 3.

■ On appeal[2], Vanderhoef contends that the trial court erred when it

---

1. There is no reproduced record.

2. This Court's scope of review in a tax assessment appeal is limited to determining wheth-

affirmed the Assessment Board. For the reasons that follow, this Court must agree.

Section 8902 of the Military Affairs Act provides an exemption from real estate taxes to disabled veterans if certain requirements are met:

### § 8902 Exemption.

**(a) General rule**—Any resident of this Commonwealth shall be exempt from the payment of all real estate taxes levied upon any building, including the land upon which it stands, occupied by that person as a principal dwelling, if all of the following requirements are met:

(1) That person has been honorably discharged or released under honorable circumstances from the armed forces of the United States for service in any war or armed conflict in which this nation was engaged.

(2) As a result of such military service, that person is blind or paraplegic or has sustained the loss of two or more limbs, or has a service-connected disability declared by the United States Veterans' Administration or its successors to be a total or 100% permanent disability.

(3) The dwelling is owned by that person, solely with his or her spouse or as an estate by the entireties.

(4) *The need for the exemption from the payment of real estate taxes has been determined by the State Veterans' Commission* in compliance with the requirements of this chapter. (Emphasis added).

The Military Affairs Act also sets forth the duties of the State Veterans' Commission in relation to the tax exemption. Based on the language of the Act, the legislature established the State Veterans' Commission to, among other things, determine the eligibility of disabled veterans for real property tax exemptions under Chapter 89 of the Military Affairs Act.

### § 8904. Duty of Commission

The commission shall:

(1) Fix uniform and equitable standards for determining the need for exemption from the payment of real estate taxes granted by this act. In fixing such uniform and equitable standards, the commission shall apply a rebuttable presumption that an applicant with an annual income of $75,000 or less has a need for the exemption. . . .

(2) *After submission of proof of need by the applicant for the exemption from payment of real estate taxes, determine the need of the applicant.* (Emphasis added).

51 Pa.C.S. § 8904.

The "need" for the exemption is, of course, a reference to the disabled veteran's *financial* "need." The determination of the financial need for the exemption is made *by the Commission* upon application by the disabled veteran. The Commission determines the financial "need" for the exemption by comparing the disabled veteran's income against the veteran's expenses. *See* Bureau of Veterans' Affairs Regulations at 43 Pa.Code §§ 5.21–5.27. If the Commission determines that the disabled veteran's expenses exceed the veteran's income, then the veteran will be considered to have a financial "need" for the exemption. 43 Pa.Code § 5.24(d).

43 Pa.Code § 5.22 lists the various items of income and expenditures the Commission must consider when determining "need." Among other expenditures, the potential property tax liability is to be

---

er the trial court abused its discretion, committed an error of law, or made findings of fact unsupported by substantial evidence.

*First Korean Church of New York, Inc. v. Montgomery County Board of Assessment Appeals, 926 A.2d 543 (Pa.Cmwlth.2006).*

considered an expense. 43 Pa.Code § 5.24(d).

When the eligibility criteria have been verified and the certification of "need" for the tax exemption has been approved by the Commission, the Commission will notify the appropriate taxing authority, which in turn, *"will* grant the tax exception." 43 Pa.Code § 5.24(e).

██ It is clear from the language of the Military Affairs Act and the regulations that the taxing authority has no discretion to exempt less than the entire property or to determine the number of acres to exempt. Rather, it is the duty of the Commission, not the taxing authority, to determine the financial need for the tax exemption.

Here, it is not entirely clear from the record if the Commission made the requisite determination of "need." If the Commission, in fact, determined that Vanderhoef was in need of an exemption from the payment of real estate taxes then it was incumbent on the Assessment Board to grant the exemption from the payment of real estate taxes, without exception. If the Commission had not yet determined Vanderhoef's need because, for example, Vanderhoef never filed the requisite application, then the Board erroneously usurped the role of the Commission when it determined that Vanderhoef was entitled to a one acre exemption because that was what "worked best in the system." The exemption of only one acre was completely arbitrary and had no correlation to the individualized need of Vanderhoef which was a decision for the Commission. Consequently, the trial court's acceptance of the Assessment Board's exemption of only one acre was clearly an error of law which must be reversed.

The Act contemplates a methodical and rational method to determine a disabled veteran's financial need for the exemption. The Assessment Board's action was unauthorized.

The order of the trial court is reversed and remanded; the parties are directed to proceed in accordance with the procedures set forth in this opinion.

### ORDER

AND NOW, this 7th day of November, 2008, the order of the Court of Common Pleas of Susquehanna County is hereby reversed and remanded. The parties are directed to proceed in accordance with the procedures set forth in this opinion.