# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nadine L. Freeman-Bennett,       :
                Appellant   :
                           :
        v.              :   No. 715 C.D. 2018
                           :   Argued:  April 11, 2019
York County Board of Assessment  :
Appeals                    :

**BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge**
             **HONORABLE P. KEVIN BROBSON, Judge**
             **HONORABLE ELLEN CEISLER, Judge**

**OPINION BY JUDGE BROBSON**        **FILED:  May 17, 2019**

Nadine L. Freeman-Bennett (Appellant) appeals from an order of the Court of Common Pleas of York County (common pleas), granting summary judgment in favor of the York County Board of Assessment Appeals (Board) after Appellant appealed the Board's denial of real property tax exemption under Section 8902 of the Military and Veterans Code (Act), 51 Pa. C.S. § 8902.[1]  For the reasons set forth below, we will affirm the order of common pleas.

---

[1] Section 8902(a) of the Act provides:

Any resident of this Commonwealth shall be exempt from the payment of all real estate taxes levied upon any building, including the land upon which it stands, occupied by that person as a principal dwelling, if all of the following requirements are met:

(1) That person has been honorably discharged or released under honorable circumstances from the armed forces of the United States for service in any war or armed conflict in which this nation was engaged.

(2) As a result of such military service, that person is blind or paraplegic or has sustained the loss of two or more limbs, or has a

Appellant, a disabled veteran of the United States Navy, owns the real property at 965 Sequoia Street in Manchester Township, York County (property). Appellant filed a tax assessment appeal with the Board, seeking a tax exemption for the property pursuant to the Act. (Reproduced Record (R.R.) at 5a.) Section 8902(a) of the Act requires that a disabled veteran's real property be exempt from real estate taxation once the veteran meets certain requirements. The Board mailed Appellant an "Appeal Decision Notification," stating that the property would remain assessed at 100% of its market value, thereby implying that the Board did not grant the tax exemption. (R.R. at 3a.) Appellant then appealed the Board's decision to common pleas, arguing that she had met all of the requirements necessary to entitle her to the tax exemption. (*Id*. at 1a-2a.)

During discovery, Appellant produced two letters from the Pennsylvania Department of Military and Veterans Affairs (Department)—one addressed to Appellant (dated November 11, 2014) and the other addressed to Appellant's Congressman (dated February 10, 2015). In the first letter, the Department wrote on behalf of the Pennsylvania State Veterans' Commission (Commission) to advise Appellant that she did not meet the requirement for tax exemption set forth in Section 8902(a)(1) of the Act, because her military service did not occur during "any war or armed conflict." (R.R. at 14a.) The Department did not address in the letter whether Appellant had met any of the other requirements

---

service-connected disability declared by the United States Veterans' Administration or its successors to be a total or 100% permanent disability.

(3) The dwelling is owned by that person solely, with his or her spouse or as an estate by the entireties.

4) The need for the exemption from the payment of real estate taxes has been determined by the State Veterans' Commission in compliance with the requirements of this chapter.

for the exemption. Moreover, the Department described the letter as a recommendation to the Board that Appellant did not qualify for the tax exemption. (*Id.*) The Department, in its letter to Appellant's Congressman, responded to an inquiry from the Congressman regarding Appellant's eligibility for the tax exemption. Through the letter, the Department explained its position on Section 8902(a)(1). (R.R. at 15a-16a.) Like the earlier letter, the February 10 letter did not address any of the requirements for the tax exemption other than that contained in Section 8902(a)(1).[2]

Following discovery, the Board moved for summary judgment, arguing that no genuine issue of material fact exists with respect to Appellant's failure to satisfy Sections 8902(a)(1) and (4) of the Act.[3] Specifically, the Board argued that (1) the Commission's conclusion that Appellant did not serve during "any war or armed conflict" is final and binding on the Board, and (2) Appellant failed to present any evidence that the Commission had made a determination of her financial need. (R.R. at 10a-11a, 24a-27a.)

Appellant then filed a brief in opposition to the Board's motion for summary judgment, together with an affidavit. She argued that her service as a reservist occurred during a period of armed conflict and was legally equivalent to active duty service, thus creating a factual dispute about whether her service satisfied the requirement in Section 8902(a)(1) of the Act. Appellant also argued that she

---

[2] The General Assembly established the Commission as part of the Department. 51 Pa. C.S. § 1702(a). Both letters are on Department letterhead. The Department indicated in the first letter that it was writing on the Commission's behalf. The Department did not make any indication in the second letter as to whether it sent that letter on the Commission's behalf.

[3] The Board did not address below and does not now dispute whether Appellant satisfied the requirements in Sections 8902(a)(2) (relating to extent of disability) and 8902(a)(3) (relating to ownership of dwelling).

satisfied the requirement in Section 8902(a)(4) of the Act because, under Section 8904 of the Act, 51 Pa. C.S. § 8904, the Commission must presume that she has a financial need for the exemption based on her averred income and the Board offered no evidence to rebut that presumption of need.

Following those arguments, common pleas granted the Board's motion for summary judgment. In its supporting opinion, common pleas first concluded that a genuine issue of material fact exists with respect to whether Appellant satisfied Section 8902(a)(1) of the Act, observing that the single authority interpreting that portion of the Act, *Vanderhoef v. Office of Susquehanna Board of Assessment*, 960 A.2d 212 (Pa. Cmwlth. 2008), forecloses neither of the parties' arguments as to whether her service met the requirements for an exemption. Despite that issue of fact, common pleas reasoned that summary judgment was proper because no genuine dispute of fact exists with respect to Appellant's failure to satisfy Section 8902(a)(4) of the Act, relating to financial need. Common pleas based this latter conclusion on this Court's statement in *Vanderhoef* that "it is the duty of the Commission, not the taxing authority, to determine the financial need for the tax exemption." *See Vanderhoef*, 960 A.2d at 215. Common pleas observed that the language of the Act is clear—the need for the exemption must be determined *by the Commission*, not by common pleas independently. Because Appellant had merely provided evidence of a legal presumption, rather than evidence of an actual determination by the Commission, common pleas concluded that Appellant had not shown a dispute of fact with respect to the Section 8902(a)(4) issue. Common pleas granted summary judgment solely because of Appellant's failure to prove that the Commission had made a need determination in her favor.

4

On appeal to this Court,[4] Appellant raises only one issue—*i.e.*, whether common pleas erred in concluding that she failed to prove need for the exemption as required by Section 8902(a)(4) of the Act. Under Section 8902(a)(4), the applicant for the exemption must meet the following requirement:

> (4) The need for the exemption from the payment of real estate taxes has been determined by the State Veterans' Commission in compliance with the requirements of this chapter.

Sections 8903 and 8904 of the Act, 51 Pa. C.S. §§ 8903-04, are also relevant to our analysis. Section 8903 of the Act provides, in relevant part:

> When the conditions specified in [S]ection 8902 (relating to exemption) are determined to exist by the board for the assessment and revision of taxes, or by a similar board for the assessment of taxes, and upon the receipt by that board of a certification of need for the tax exemption from the [C]ommission, the board shall grant the tax exemption prescribed by [S]ection 8902. . . .

Section 8904 of the Act provides, in relevant part:

> The [C]ommission shall:
>
> > (1) Fix uniform and equitable standards for determining the need for exemption from the payment of real estate taxes granted by this act. In fixing such uniform and equitable standards, *the [C]ommission shall apply a rebuttable presumption* that an applicant with annual income of $75,000 or less has a need for the exemption. Beginning on January 1, 2009, and every two years thereafter, the [C]ommission shall adjust the annual income level

---

[4] "The scope of this Court's review of a grant . . . of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736, 738 n.2 (Pa. Cmwlth. 1997). "Summary judgment is properly granted 'whenever there is no genuine issue of material fact as to a necessary element of the cause of action.'" *Laich v. Bracey*, 776 A.2d 1022, 1024 (Pa. Cmwlth. 2001) (quoting Pa. R.C.P. No. 1035.2(1)). Furthermore, we must review the record in the light most favorable to the non-moving party. *Id.*

5

qualifying for the rebuttable presumption of need by an amount equal to the change in the Consumer Price Index in the preceding two years. The [C]ommission shall publish the adjusted annual income level qualifying for the rebuttable presumption of need as a notice in the Pennsylvania Bulletin.

(2) After submission of proof of need by the applicant for the exemption from payment of real estate taxes, determine the need of the applicant.

. . . .

(4) Certify the name and address and the need for exemption from payment of real estate taxes . . . to the board for the assessment and revision of taxes, or similar board for the assessment of taxes. . . .

(Emphasis added.)

Appellant argues that the presumption of need set forth in Section 8904(1) of the Act is sufficient to establish Appellant's financial need as required by Section 8902(a)(4), because Appellant's averred income qualifies her for the presumption, and the Board has not presented any evidence to rebut that presumption. In response, the Board insists that the Commission has made no actual determination of Appellant's financial need, as specifically required by the Act, and that the presumption on which Appellant relies cannot replace such a determination. The Board, therefore, claims that the presumption alone is not sufficient to demonstrate compliance with Section 8902(a)(4) and that common pleas properly granted summary judgment. For the following reasons, we agree.

Section 8902(a)(4) of the Act requires that "[Appellant's] need for the exemption . . . *has been determined by the . . . Commission* in compliance with the requirements of this chapter." (Emphasis added.) Appellant would have us conclude that the Commission's determination can occur by the force of presumption, without

6

the action or knowledge of the Commission in a particular case. Specifically, Appellant argues that, because a need determination under Section 8902(a)(4) of the Act must be made "in compliance with the requirements of this chapter," a presumption required by Section 8904(1) (which is part of the same chapter of the Act) constitutes a "determin[ation] by the Commission" once an applicant shows that her income entitles her to the presumption (as Appellant did in her affidavit). That interpretation is inconsistent with this Court's decision in *Vanderhoef* and with the structure of the Act and associated regulations.

In *Vanderhoef*, we addressed an attempt by a county assessment board to restrict the scope of the tax exemption. The board had implemented a "one house, one acre" policy and had granted the taxpayer the benefit of the exemption for only one of his two-plus acres. We reversed that decision, concluding that once the Commission makes a need determination, local boards are not permitted to reduce the number of acres exempt from taxation. Of greatest relevance to the instant case, we held:

> Here, it is not entirely clear from the record if the Commission made the requisite determination of "need." If the Commission, in fact, determined that Vanderhoef was in need of an exemption from the payment of real estate taxes then it was incumbent on the [board] to grant the exemption from the payment of real estate taxes, without exception. If the Commission had not yet determined Vanderhoef's need because, for example, Vanderhoef never filed the requisite application, then the [b]oard erroneously usurped the role of the Commission [when it granted the exemption].

*Vanderhoef*, 960 A.2d at 215. Appellant's view of the need determination requirement is inconsistent with our holding in *Vanderhoef*, because neither the Board nor common pleas has the statutory authority to make its own determination

7

of an applicant's financial need. Appellant's theory would see the Board "usurp[]" the role of the Commission" by (1) applying a presumption that the *Commission* must apply, and (2) making a determination that the Act reserves to the *Commission*. *See id.* Rather, as we explained, "[t]he determination of the financial need for the exemption is made *by the Commission* upon application by the disabled veteran." *Id.* at 214 (emphasis in original).

The structure of the Act confirms that there must be an actual determination by the Commission before the Board may grant the exemption. After establishing the four requirements in Section 8902(a) of the Act, the General Assembly created specific procedures for determining need and granting the exemption. First, the Commission is to make a determination of need. If the Commission determines a need exists, whether by unrebutted presumption or otherwise, Section 8904(4) of the Act requires the Commission to "[c]ertify the name and address and the need for exemption" to the tax assessment board. Finally, "[w]hen the conditions specified in [S]ection 8902 . . . are determined to exist by the board . . . , *and upon the receipt . . .* of a certification of need for the tax exemption *from the Commission*, the board shall grant the tax exemption." 51 Pa. C.S. § 8903. That is, the Commission determines need and certifies that determination to the Board; the Board may *only then* grant the exemption.

The Department's regulations mirror this statutory framework and further support our conclusion here. Applicants for the exemption must submit two applications—the Department's Form MA-VA 41 directly to the local taxing authority and Form MA-VA 40 to the Commission. 43 Pa. Code § 5.24(b)-(c). This bifurcated application process complements the structure of the Act by allowing the Commission to make and communicate a need determination independent of the

8

Board's action on an application. The regulations also explain the factors the Commission will consider in making a need determination and then explain that local boards will grant the exception "when eligibility criteria have been verified and the certification of need for tax exemption has been approved by the Commission." *Id*. § 5.24(d)-(e). Thus, it is clear from both the Act and its regulations that the Commission is to make an independent need determination following application by a veteran, and then the Board is to grant the exemption upon receipt of that determination and confirmation that the applicant has satisfied the other criteria in Section 8902(a) of the Act.

In the instant case, it appears undisputed that the Commission has made no determination at all with respect to Appellant's need for the exemption. The only record evidence of action by the Commission consists of the two letters the Commission sent addressing whether Appellant's military service met the requirement in Section 8902(a)(1) of the Act. Those letters did not mention any considerations of financial need or Section 8902(a)(4) of the Act. Neither letter purports to represent formal action by the Commission. Appellant's averment of her income and reliance on the statutory presumption do not constitute an actual determination of need by the Commission.[5]

In summary, instead of demonstrating that the Commission *had actually made* a determination of need, as the Act requires, Appellant invoked a legal presumption that the Commission likely *would have applied* in her favor as part of the process of making the necessary determination. The presumption cannot show

---

[5] Appellant does not claim that a formal determination is now pending before the Commission or otherwise forthcoming; she does not claim that the Board denied her request prematurely, before receiving a determination; and she did not seek to compel the Commission to make a determination or attempt to stay her appeal to common pleas while she obtained a determination.

9

what the Act requires:  that a determination "*has been* [made]" by the Commission. Common pleas, therefore, did not err in granting summary judgment given the absence of a determination of need by the Commission, because Appellant did not satisfy the requirement of Section 8902(a)(4) of the Act.

Accordingly, we will affirm common pleas' order.

_____
P. KEVIN BROBSON, Judge

10

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Nadine L. Freeman-Bennett, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 715 C.D. 2018 |
| | : | |
| York County Board of Assessment | : | |
| Appeals | : | |

# **O R D E R**

AND NOW, this 17th day of May, 2019, the order of the Court of Common Pleas of York County is AFFIRMED.

P. KEVIN BROBSON, Judge